# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDI L. HANSHAW,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1015** (BOR Appeal No. 2048228)
              (Claim No. 2012027564)

**WAL-MART ASSOCIATES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randi L. Hanshaw, by Stephen Paul New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wal-Mart Associates, Inc., by Karin L. Weingart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 5, 2013, in which the Board affirmed a March 14, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 30, 2012, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hanshaw, a zone merchandise supervisor, alleges that she was injured in the course of her employment on October 6, 2011. Affidavits and depositions from co-workers indicate that Ms. Hanshaw reported that she was stacking pallets by herself before lunch. At lunch time, she developed sudden severe abdominal pain. She left work shortly after and was treated at Welch Community Hospital for severe stomach and back pain, sweating, dizziness, and numbness in the hands. She reported several episodes of sudden onset of left flank and abdominal pain that day. She was diagnosed with abdominal pain, gastroesophageal reflux disease, and acute gastritis. The employee's and physician's report of injury, signed by Eugene Johnson, M.D., lists the

1

diagnoses as abdominal pain, esophageal reflux, and acute gastritis. It was noted that Ms. Hanshaw had experienced similar symptoms in the past. Dr. Johnson declined to state whether or not there was an occupational injury or disease.

Ms. Hanshaw has a history of gastroesophageal problems. In March of 2009, she underwent a gallbladder sonogram for pain in the right upper quadrant, nausea, and vomiting. In July of 2009, Gene Duremdes, M.D., performed a cholecystectomy and diagnosed symptomatic cholelithiasis and chronic cholecystitis. Esophagogastroduodenoscopies in November of 2009 and June of 2011 revealed bile reflux, mild gastritis, a small hiatal hernia, distal esophagitis, and patulous gastroesophageal junction.

The claims administrator rejected the claim on March 30, 2012. The Office of Judges affirmed the decision in its March 14, 2013, Order. The Office of Judges found that it was not clear that Ms. Hanshaw sustained a personal injury in the course of her employment. The diagnosis codes were listed as abdominal pain, esophageal reflux, and acute gastritis. The Office of Judges determined that even if Ms. Hanshaw sustained a personal injury in the course of her employment, that injury must still result from her employment in order for it to be compensable under West Virginia Code § 23-4-1 (2008). It was concluded that Ms. Hanshaw failed to provide medical evidence showing that her condition resulted from her employment. Dr. Johnson, the physician who signed the report of injury, did not indicate that Ms. Hanshaw's condition resulted from her employment. The Office of Judges found that there was no specific statement made by Dr. Johnson, or any physician of record, indicating that Ms. Hanshaw sustained a work-related injury on October 6, 2011. Further, the Office of Judges found evidence that Ms. Hanshaw previously suffered from the same conditions she now alleges to be work-related. The Office of Judges therefore found that the occurrence on October 6, 2011, was a continuation of her chronic, non-occupational conditions. Ms. Hanshaw underwent surgery eleven days after the allegedly work-related injury due to severe worsening of gastroesophageal reflux. The operative findings included a small hiatal hernia and esophageal hiatus. Her surgeon, Dr. Duremdes, also did not relate the conditions to her employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 5, 2013, decision.

On appeal, Ms. Hanshaw argues that she has met the requirements of compensability. Wal-Mart Associates, Inc., asserts that Ms. Hanshaw's condition is the result of pre-existing, non-compensable esophageal and gastrointestinal problems. Further, there is no medical evidence connecting the alleged injury to her job duties. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Ms. Hanshaw has failed to show that she sustained a compensable injury in the course of her employment. Her alleged injury is the result of pre-existing, non-compensable conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

2

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II